IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **BRIAN TURNER**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 04-1561-KAJ |
| | : | |
| **THOMAS L. CARROLL**, | : | |
| Warden, and **M. JANE BRADY**, | : | |
| Attorney General for the State of | : | |
| Delaware, | : | |
| | : | |
| Respondents. | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In May 2002, the petitioner, Brian Turner, was arrested and subsequently indicted on charges of trafficking in cocaine 50-100 grams (Del. Code. Ann. tit. 16, § 4753A) and maintaining a dwelling for keeping a controlled substance (Del. Code Ann. tit. 16, § 4755). Turner moved to suppress the evidence against him. Following a hearing, the motion was denied. Turner then stipulated to the facts of the case, and a Delaware Superior Court judge, sitting without a jury, found Turner guilty of trafficking in cocaine. The State entered a *nolle prosequi* on the maintaining charge. Turner was sentenced to seven years of incarceration, suspended after five years for probation. *See Turner v. State*, 826 A.2d 289, 290 (Del. 2003). The Delaware Supreme Court affirmed Turner's conviction and sentence on direct appeal. *Id.* In December 2003, Turner applied *pro se* for state postconviction relief under Superior Court Criminal Rule 61. Superior Court denied his motion and Turner appealed. The Delaware

Supreme Court rejected Turner's claims and affirmed the judgment of the Superior Court. *Turner v. State*, 2004 WL 1535764 (Del. July 6, 2004).

## Facts

As detailed by the Delaware Supreme Court, *Turner*, 826 A.2d at 291, the facts leading to Turner's arrest and conviction are as follows:

> On May 2, 2002, the police were called to an address on Bunche Boulevard in Dunleith to investigate a shooting. Upon arrival, the police found two homicide victims. One victim was inside the residence and one victim was outside. Witnesses told the police that three men in a gray vehicle drove up to the residence and fired a weapon, striking the two victims.
>
> Four days later, the police applied for and received a warrant to search the Bunche Boulevard address for firearms and ammunition. According to the affidavit accompanying the warrant [application], the police had learned in the course of investigating the homicides that one of the victims may have been in possession of a gun at the time of the shootings. When the police arrived at the Bunche Boulevard address to execute the search warrant, one of the residents, Turner, was present.
>
> Turner asked the police if he could put on his pants. Turner became very nervous and the police searched him. The police found cocaine in a weight sufficient to support a charge of Trafficking in Cocaine. While continuing the search, the police found a bag with more cocaine under the rear shed, as well as numerous personal documents bearing Turner's name. Turner was arrested and charged with drug offenses.

## Discussion

In his petition for federal habeas relief, Turner raises three grounds for relief: (1) his conviction was the result of evidence seized pursuant to an unconstitutional search and seizure because there was no probable cause for the search warrant; (2) the state courts failed to consider all the facts in determining that the search warrant was valid; and (3) counsel was constitutionally ineffective because he failed to argue at trial and on appeal that the police used

false information in the warrant affidavit and misled the magistrate. D.I. 1 at 5-6. Turner's claims, however, are unavailing.

*Claim 1 – Probable cause – legal error*

In order to exhaust state remedies, Turner must have presented to the state courts the legal and factual basis of the claims which he presents to the federal habeas court. *See* 28 U.S.C. § 2254(b); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir.), *cert. denied*, 498 U.S. 811 (1990); *Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986). Turner presented his claim of an unconstitutional search and seizure due to lack of probable cause to the state supreme court on direct appeal, thus exhausting state remedies. *See Smith v. Digmon*, 434 U.S. 332, 333-34 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). Turner's claim, however, does not provide a basis for relief.

Review of Turner's search and seizure claim is precluded by *Stone v. Powell*, 428 U.S. 465 (1976). "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground the evidence in an unconstitutional search or seizure was introduced at trial." *Stone*, 428 U.S. at 494; *see also Deputy v. Taylor*, 19 F.3d 1485, 1491 (3d Cir. 1994); *accord Reed v. Farley*, 512 U.S. 339, 347 (1994); *Withrow v. Williams*, 507 U.S. 680, 686 (1993). Here, the state courts provided Turner an adequate forum in which to present his Fourth Amendment claims. *See* Del. Super. Ct. Crim. R. 41 (providing that a defendant may file a pretrial motion to suppress evidence). Turner filed two pretrial suppression motions, arguing that the search warrant was invalid because there was nothing illegal about the gun that was the object of the warrant and the information upon which the warrant was based was stale and non-specific. Following a September 2002 evidentiary hearing, the trial court denied Turner's motions to

3

suppress, finding that the gun was a valid object of the search and that, based on the additional information the police received, there was probable cause for the search. *See* D.I. 3 at A20. On direct appeal to the state supreme court, Turner raised claims that the object of the search was not proper, the warrant lacked probable cause and the information in the warrant affidavit was stale. *See Turner*, 826 A.2d at 291. The state supreme court upheld both the lower court's rulings regarding the validity of the search warrant. *Id*. at 293. There is nothing in the record to suggest that the State limited Turner's opportunity for full and fair litigation of any Fourth Amendment claims in the state courts. *See Word v. Carroll*, 2004 WL 1941342, *3 (D. Del. Aug. 31, 2004). Accordingly, under *Stone v. Powell*, Turner's claim manifestly fails to provide a basis for federal habeas relief. *See Marshall v. Hendricks*, 307 F.3d 36, 81-82 (3d Cir. 2002); *Word*, 2004 WL 1941342 at *3.

     Nevertheless, Turner contends that he was not afforded a full and fair opportunity to litigate his Fourth Amendment claims in state court. As the basis for this contention, Turner argues that the state courts did not apply the correct constitutional legal standards in determining that the warrant affidavit provided probable cause for the search. Specifically, Turner contends that the state supreme court failed to apply the clearly established federal law under *Illinois v. Gates*, 462 U.S. 213 (1983), setting forth a totality of the circumstances test for probable cause determinations. The state supreme court, however, responding to Turner's argument that the gun was not a proper subject of a search warrant, looked to *Zurcher v. Stanford Daily*, 436 U.S. 547 (1978). In *Zurcher*, the United States Supreme Court found that when a search warrant is directed to a third party not implicated in misconduct, the requirement of probable cause in that context is directed to the relationship between the crime under investigation and the evidence sought to be seized. *See* 436 U.S. at 559-60. Furthermore, the Delaware Supreme Court referred

4

to its prior decision in *Jensen v. State*, 482 A.2d 105 (Del. 1984), a case consistent with *Illinois v. Gates*, holding that the affidavit supporting a search warrant must be "considered as a whole and not on the basis of separate allegations." 482 A.2d at 111. *See Gardner v. State*, 567 A.2d 404, 409 (Del. 1989) (holding *Jensen* test to be consistent with totality of the circumstances test announced in *Illinois v. Gates*). Thus, the state supreme court reasonably applied clearly established federal law in reviewing Turner's claim of an unconstitutional search warrant. Although Turner contends that the state courts incorrectly decided the issue, "an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar." *Gilmore v. Marks*, 799 F.2d 51, 57 (3d Cir. 1986) (citing cases); *see also Bradley v. Nagle*, 212 F.3d 559, 565 (11th Cir. 2000) (where state courts fully considered petitioner's claims, the federal court must deem state litigation to be full and fair "even were we to disagree with the state courts' analysis or conclusion"). As a result, Turner's claim that the search warrant affidavit lacked probable cause is precluded from federal habeas review under *Stone v. Powell* and this claim should be dismissed.

*Claim 2 – Probable cause – factual error*

In his second claim, Turner revisits his Fourth Amendment claim that the warrant to search his residence was invalid due to a lack of probable cause. Once again, Turner's claim is precluded from federal habeas review by the rule of *Stone v. Powell*. Turner, however, now asserts that he did not receive a full and fair opportunity to litigate his Fourth Amendment claim because the state supreme court omitted facts crucial to a consideration of probable cause. *See* D.I. 3 at 11. A "court's mistaken recitation of facts, even assuming arguendo that it resulted in an incorrect decision, is not enough in and of itself, to establish that [the petitioner's] claims were not fully and fairly considered." *Mack v. Cupp*, 564 F.2d 898, 902 (9th Cir. 1977). Turner has

simply alleged that the court failed to consider facts, not that the facts were incorrect. Moreover, it is not clear that the court did not consider the facts at issue, or that those facts, taken into consideration, would have altered the court's finding that the trial court properly found sufficient probable cause for the search warrant. Simply alleging that the state courts made an unreasonable determination of the facts in light of the evidence does not vitiate the rule of *Stone v. Powell* and allow the claim to be reviewed under §2254(d)(2). This Fourth Amendment claim should be rejected under *Stone v. Powell*.

Alternatively, Turner's claim regarding the trial court's failure to consider certain facts in deciding the motion to suppress is unexhausted, Turner having presented the claim in his postconviction motion only in terms of an ineffective assistance of counsel claim, and having failed to raise the issue at all on appeal to the state supreme court. *See Turner*, 2004 WL 1535764 at **1. However, because Turner would be precluded from raising this claim in state court under Delaware Superior Court Criminal Rules 61(i)(3) and (4), exhaustion is excused. Nevertheless, because Turner's claim is procedurally defaulted, federal habeas review is precluded unless Turner establishes cause for his procedural default in the state courts and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir.), *cert. denied*, 504 U.S. 944 (1992); *Johnson v. Ellingsworth*, 783 F. Supp. 215, 218-21 (D. Del. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986). To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of

constitutional dimensions. *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Turner has not alleged cause for his procedural default in the state courts and thus the claim should be summarily rejected. Furthermore, Turner cannot establish prejudice. The Delaware Superior Court was well aware that the search warrant at issue was the second warrant for a search of Turner's residence. *See* D.I. 3 at A18. Thus, Turner's claim of that the court did not consider all relevant facts in finding probable cause for the search warrant is procedurally defaulted and should be dismissed.

*Claim 3 – Ineffective assistance of counsel*

Turner presented his ineffective assistance of counsel claim to the state supreme court on appeal from the denial of his state postconviction motion, thereby exhausting his remedies as to that claim. *See Digmon*, 434 U.S. at 333-34; *Swanger*, 750 F.2d at 295. Nevertheless, Turner's claim does not provide a basis for relief. Section 104 of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, codified as 28 U.S.C. § 2254, restricts the scope of collateral review of convictions and sentences for persons in custody pursuant to the judgment of a state court. As amended, § 2254(d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceeding unless the adjudication of the claim--
>     (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>     (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Hameen v. State of Delaware*, 212 F.3d 226, 235 (3d Cir. 2000); *Werts v. Vaughn*, 228 F.3d 178, 196-97 (3d Cir.

2000); *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 885 (3d Cir.) (*en banc*), *cert. denied*, 528 U.S. 824 (1999) (determining the standard of review governing petitions for a writ of habeas corpus under revised § 2254(d)). Thus, under revised § 2254, a habeas petitioner is not entitled to relief unless he can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir.), *cert. denied*, 537 U.S. 1049 (2002); *Matteo*, 171 F.3d at 885; *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 434 (D. Del. 1998). Moreover, factual determinations by state trial and appellate courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding. *See* §§ 2254(d)(2), (e)(1). *See also Williams,* 529 U.S. at 402-13; *Affinito v. Hendricks*, 366 F.3d 252, 256-57 (3d Cir. 2004); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000), *cert. denied*, 531 U.S. 1084 (2001). In this case, the decision of the state courts is a reasonable application of the relevant constitutional standards.

      In order to establish that he received constitutionally ineffective assistance of counsel, Turner was required to demonstrate that: defense counsel's representation fell below an objective standard of reasonableness; and that but for counsel's unprofessional errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *Wells v. Petsock*, 941 F.2d 253, 259 (3d Cir. 1991). The *Strickland* analysis for a claim of ineffective assistance of counsel constitutes clearly established law under revised § 2254. *See Gattis*, 278 F.3d at 236; *Lawrie*, 9 F. Supp. 2d at 434-35. A habeas petitioner must allege facts which, if accepted as true, would satisfy both prongs of the *Strickland* test: deficient

performance and prejudice to the defense. *See Wells*, 941 F.2d at 259-60; *cf. Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689. Thus, to sustain an ineffectiveness claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells*, 941 F.2d at 259-60; *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Against this backdrop, Turner has not established that the state court's decision warrants relief under § 2254.

Turner alleges that his counsel, both at trial and on direct appeal, failed to argue that the police misled the magistrate who issued the search warrant and that the police used false information in the warrant affidavit. *See* D.I. 3 at 14-15. Addressing the merits,[1] the Delaware Supreme Court found that this claim was "Turner's contentions of false statements by the police and the use of those false statements by the prosecution at trial are conclusory and not supported by the record and, therefore, Turner may not claim that his counsel was ineffective for failing to raise them." *Turner*, 2004 WL 1535764 at **1. The record reveals that trial counsel filed a motion challenging the information in the warrant, but that at the conclusion of the suppression hearing, after hearing testimony from the affiant, Turner's counsel elected not to pursue that claim.[2] *See* D.I. 3 at A17-18. Because counsel's strategic and tactical decisions are given great

---

[1] The Delaware Supreme Court also found Turner's claim to be procedurally barred because it was "presented for the first time in this postconviction proceeding." *Turner*, 2004 WL 1535764 at **1. Because ineffective assistance of counsel claims are to be raised in postconviction motions, the procedural bar is inapplicable and the claim was more properly addressed on the merits. *Cf. Lawrie*, 9 F. Supp. 2d at 435 n.3.

[2] In his petition, Turner for the first time asserts as part of this argument that his counsel was ineffective because he "would not allow" Turner to testify at the suppression hearing to rebut the police officer's testimony. D.I. 3 at 16. This claim is unexhausted and Turner has not alleged cause for his procedural default or actual prejudice.

9

deference under the *Strickland* standard, counsel's decision to argue lack of probable cause as the better argument should not be second-guessed on review. Thus, Turner failed to show any derelictions of counsel or to make concrete allegations of actual prejudice. *See Wells*, 941 F.2d at 259-60. Consequently, the state courts' rejection of this claim was a reasonable application of the *Strickland* standard, and this claim fails under § 2254(d)(1). *See Matteo*, 171 F.3d at 890; *Vick v. Williams*, 233 F.3d 213, 222 (4th Cir. 2000) (consistent application of rule by other courts allows federal court to decide state decision at issue is not unreasonable application).

## Conclusion

Based upon the Superior Court docket sheet, it appears that an excerpt of Turner's October 11, 2002, suppression hearing transcript has been prepared. In addition, a transcript of the trial judge's ruling on October 31, 2002 has been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date: May 13, 2005