DLD-161                                                      March 15, 2007
## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. **06-3485**

BRIAN TURNER,

Appellant

v.

THOMAS L. CARROLL, WARDEN, ET AL.

(D. DEL. CIV. NO. 04-CV-01561-KAJ)

Present:        BARRY, AMBRO and FISHER, Circuit Judges

Submitted is Appellant's request for a certificate of appealability under 28 U.S.C. § 2253(c)(1) in the above-captioned case.

Respectfully,

Clerk

MMW/EAW/zm/slc
_____ **O R D E R** _____

The foregoing request for a certificate of appealability is denied. For the reasons set forth in the District Court's Opinion, we conclude that Turner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c). Jurists of reason would not find debatable the District Court's determination that Turner's first claim was barred by Stone v. Powell, 428 U.S. 465 (1976), that his second claim was procedurally defaulted, and that his third claim did not satisfy the Strickland standard for demonstrating ineffective assistance of counsel. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). To the extent that Appellant raises a new ineffective assistance of counsel claim alleging counsel's failure to allow him to testify at the suppression hearing, the claim is not exhausted and is procedurally barred because Turner is now precluded from raising a repetitive Rule 61 motion by the version of Superior Court Criminal Rule 61(i)(1) in effect at the time his conviction became final under Delaware law, and by Rule 61(i)(2). In the absence of any indication in the record of cause and prejudice or of a fundamental miscarriage of justice, there is no basis for excusing the procedural default.

Turner v. Carroll
Docket No.: 06-3485

By the Court,

A True Copy:

/s/ Thomas L. Ambro
Circuit Judge

*Marcia M. Waldron*

Dated:  April 17, 2007
Marcia M. Waldron, Clerk
SLC/cc: Mr. Brian Turner
         Elizabeth R. McFarlan, Esq.

2